1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT GRIFFIN,                        1:09-cv-01782-YNP-SMS (PC)

12              Plaintiff,                   FINDINGS AND RECOMMENDATION TO
                                             DISMISS CASE FOR FAILURE TO OBEY A
13         vs.                               COURT ORDER

14    KERN MEDICAL CENTER,                   OBJECTIONS, IF ANY, DUE IN 30 DAYS

15

16              Defendants.

17    _____/

18              On October 13, 2009, the court issued an order directing plaintiff to submit an

19    application to proceed in forma pauperis or pay the filing fee for this action, within forty-five

20    (45) days.  The forty-five (45)-day period has now expired, and plaintiff has not filed an

21    application to proceed in forma pauperis or paid the filing fee or otherwise responded to the

22    court's order.

23              Local Rule 110 provides that "failure of counsel or of a party to comply with these

24    Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

25    and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

26    power to control their dockets and "in the exercise of that power, they may impose sanctions

                                          −1−

1 including, where appropriate . . . dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d

2 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

3 failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

4 <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

5 local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

6 comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-

7 41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

8 keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir.

9 1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421,

10 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

11 rules).

12        In determining whether to dismiss an action for lack of prosecution, failure to

13 obey a court order, or failure to comply with local rules, the court must consider several factors:

14 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

15 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

16 cases on their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at

17 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;

18 <u>Ghazali</u>, 46 F.3d at 53.

19        In the instant case, the court finds that the public's interest in expeditiously

20 resolving this litigation and the court's interest in managing the docket weigh in favor of

21 dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

22 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

23 action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

24 policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

25 of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

26 court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on plaintiff's failure to obey the court's order of October 13, 2009.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     December 21, 2009               /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE