UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL GRIFFIN,<br><br>              Plaintiff,<br><br>       v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>              Defendant.<br>_____/ | CASE NO.   1:09-cv-01782-MJS (PC)<br><br>ORDER FINDING CLAIM AGAINST DR. FRANK CHIN AND JOHN DOE COGNIZABLE AND DISMISSING ALL OTHER CLAIMS<br><br>(ECF No. 27) |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On September 30, 2009, Plaintiff Robert Earl Griffin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

The original complaint was screened and dismissed, with leave to amend, on May 28, 2010. (ECF No. 16.)  Plaintiff's First Amended Complaint, filed October 4, 2010, is now before the Court for screening. (ECF No. 27.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The First Amended Complaint alleges the following named defendants violated Plaintiff's Fourteenth Amendment rights: (1) Kern Medical Center; (2) Dr. Frank Chin, Kern Medical Center; and (3) John Doe, Sheriff's Department Transport Officer, Kern Medical Center.

Plaintiff alleges the following:

"Plaintiff was a pre-trial detainee when, on June 4, 2007 he slipped and fell . . ., hit

2

his head on a steel table and lacerated a deep cut above his left eye. Plaintiff was taken to Kern Medical Center . . . for treatment of the cut . . . ." (Compl. at 7.) Defendant Chin, a primary care physician at the Medical Center, closed the wound with stitches but failed to prescribe antibiotics or apply a bandage. Defendant Chin did not apply anesthetic, "did not prescribe pain medications, and failed to order MRI, Cat-Scan or X-Rays." (Id. at 8.) Plaintiff's treatment was interrupted by Defendant John Doe, who "deliberately interfered [with Defendant Chin]'s operation, by intimidating and hurrying the doctor who was attending to [P]laintiff . . . ." (Id.) The interruption resulted in Plaintiff leaving without antibiotics, causing an infection and blindness in the left eye, and without bandage, resulting in pain and suffering. (Id. at 5.) Defendant Chin's acquiescence to Defendant John Doe's actions was against Kern Medical Center policy, which requires physicians to complete treatment. Kern Medical Center, a municipality acting under color of law, likely had policies requiring doctors to conduct follow up treatment in the event a procedure is interrupted. (Id. at 4.) "No follow-up was ordered . . . ." (Id.)

Plaintiff concludes that the inadequate medical care in violation of his Fourteenth Amendment rights was caused by Defendant John Doe interrupting Plaintiff's treatment and Defendant Chin allowing the interruption and failing to follow up with Plaintiff after the interrupted procedure. Plaintiff attributes liability to Kern Medical Center for failing to enforce policies that would have prevented the interruption of Plaintiff's treatment and required follow-up treatment. The Court will address the merit of these claims below.

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and

3

(2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.    **Inadequate Medical Care**

Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002.); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Gibson, 290 F.3d at 1187. Thus, Eighth Amendment standards are utilized in evaluating the claims of pretrial detainees. Lolli, 351 F.3d at 419; Frost, 152 F.3d at 1128. To prove an

inadequate medical care claim, a plaintiff must show that he was: (1) confined under conditions posing a risk of objectively, sufficiently serious harm; and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care, i.e., officials acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Lolli, 351 F.3d at 419.

A medical need is serious "if the failure to treat the [detainee's] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)). Under the deliberate indifference standard, a defendant will be liable for denying needed medical care only if he "knows of and disregards an excessive risk to [a detainee's] health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Lolli, 351 F.3d at 419; Gibson, 290 F.3d at 1187. The indifference to serious medical needs must be "substantial" and "[m]ere indifference, negligence, or medical malpractice" is insufficient. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). "In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,[ ] he must also draw that inference.'" Lolli, 351 F.3d at 419; Gibson, 290 F.3d at 1187. Deliberate indifference may be shown by direct or circumstantial evidence. Lolli, 351 F.3d at 419. When a defendant is actually aware of a substantial risk of serious harm, deliberate indifference may be reflected through either action or inaction such as denial, delay, or intentional interference with medical treatment. Lolli, 351 F.3d at 419; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). However, a delay in receiving treatment, alone and without any harm, will not

5

support a claim. McGuckin, 974 F.2d at 1060.

### 1. Defendant John Doe

Plaintiff was transported to Kern Medical Center because of a deep cut above his left eye. The cut required twenty-one stitches (Compl. at 4) and the medical records attached to the First Amended Complaint indicate Plaintiff was carried into Kern Medical Center by emergency medical personnel. (Compl. at 16.) Clearly such a condition presented a serious medical need, thereby satisfying the first prong of the inadequate medical care standard. McGuckin, 947 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a [detainee] has a 'serious' need for medical treatment.")

As to the deliberate indifference prong, Plaintiff alleges that Defendant John Doe interrupted Defendant Chin during Plaintiff's treatment and "demanded the doctor to hurry because John Doe needed to return [P]laintiff back to the county jail facility before treatment was completed." (Compl. at 5.) Plaintiff also alleges that Defendant John Doe "had actual knowledge of the harm he exposed to plaintiff, and apparently did not care . . . ." (Id.) Deliberate indifference can be demonstrated by intentional interference with medical care in the face of a known serious medical need. Estelle, 429 U.S. at 104-05. Plaintiff has alleged that Defendant John Doe was aware of the risk and intentionally interfered with Plaintiff's medical care and that such interference resulted in Plaintiff's blindness. Plaintiff has stated a cognizable claim against Defendant John Doe for the

violation of his rights under the Fourteenth Amendment.[1]

### 2. Defendant Dr. Frank Chin

To state a section 1983 claim, a plaintiff must allege facts which show a deprivation by a person acting under color of state law. Plaintiff alleges that Kern Medical Center is a municipality and employs Defendant Chin. Municipalities and other local government units are among those "persons" to whom section 1983 liability applies. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Municipal government officials are also "persons" for purposes of section 1983. Id. at 691. As an employee of Kern Medical Center, Defendant Chin is a "person" for Plaintiff's Eighth Amendment claim.

Even if Kern Medical Center is incorrectly identified as a municipality, Defendant Chin may still be a "person" through his employment with a facility contracted to treat detainees. A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of section 1983. West v. Atkins, 487 U.S. 42, 56 n. 15 (1988); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991); Ayala v. Andreasen, 2007 WL 1395093, at *3 (E.D. Cal. May 10, 2007).

Since the Court has found that Plaintiff's injury created a serious medical need, the remaining issue is whether Plaintiff alleges Defendant Chin's conduct was deliberately indifferent.

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed defendant.

Plaintiff alleges that Defendant Chin "allowed [Defendant John Doe] to hurry him. As a result, the [D]efendant, Dr. F. Chin, MD, subjected plaintiff to serious harm or infection and loss of eyesight, exercising Deliberate Indifference to [P]laintiff." (Compl. at 8.) More specifically, Plaintiff alleges that Defendant Chin failed to bandage the wound or prescribe antibiotics. The First Amended Complaint identifies these failures as the source of pain and suffering and the cause of an infection and loss of eyesight. (Id. at 5.) Plaintiff further alleges that Defendant Chin did not use an anesthetic, prescribe pain medication, or conduct various tests.

The latter allegation, that Defendant Chin did not prescribe medication or order tests, does not state a cognizable claim. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton, 622 F.2d at 460 (citing Estelle, 429 U.S. at 105-06).

Plaintiff asserts that Defendant Chin allowed Defendant John Doe to rush Plaintiff's treatment, preventing Defendant Chin from prescribing antibiotics or even bandage the sutures. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Individuals display a deliberate indifference to a detainee's well-being when they consciously disregard an excessive risk of harm to that detainee's health or safety.

Farmer, 511 U.S. at 837–838. Defendant Chin allegedly allowed Plaintiff to leave Kern Medical Center without antibiotics. According to the pleadings, which must at this point be taken as true, an infection developed as a result and led to Plaintiff's blindness. The severity of the cut suggests that the risk of infection was obvious. Where the risks are obvious, the trier of fact may infer defendant knew of the risk. Id. at 840–42. Plaintiff has alleged sufficient facts to show that Defendant Chin's conduct was deliberately indifferent. Accordingly, the Court must conclude that Plaintiff has alleged sufficient facts to state a Fourteenth Amendment claim against Defendant Chin.

### 3. Kern Medical Center

Generally, a claim against a local government unit for municipal liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff alleges that Kern Medical Center, a local municipality, failed to enforce their policies in the case of Defendant Chin's treatment of Plaintiff. (Compl. at 7.) The pleading fails to identify any particular Kern Medical Center policy that allegedly was breached.

Even if it had, there is no allegation to support a claim that the Center failed to enforce that policy in Plaintiff's case. The First Amended Complaint assumes "that the medical clinic's policies must include . . ." provisions that address Plaintiff's situation or that "[a]ny reasonable policy of Kern Medical Center would certainly dictate . . ." how Defendant Chin should have acted. (Id. at 3.) While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). Plaintiff's claim against Kern Medical Center does not go beyond a recital of the elements. Plaintiff had been given leave to amend this calim, but the amendment adds nothing of legal significance to it. Plaintiff's claim against Kern Medical Center is dismissed.

## IV.   **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint sets forth a cognizable claim against Defendants John Doe and Dr. Frank Chin for providing inadequate medical care in violation of the Fourteenth Amendment. There are no other cognizable claims in the Complaint.

Accordingly, it is HEREBY ORDERED that:

1.   This action proceed on Plaintiff's First Amended Complaint, filed October 4, 2010, against Defendants John Doe, Transport Officer and Dr. Frank Chin for violation of the Fourteenth Amendment;

2.   All other claims be dismissed with prejudice for failure to state a claim under Section 1983.

IT IS SO ORDERED.

Dated:   September 14, 2011           /s/ *Michael J. Seng*
ci4d6                                 UNITED STATES MAGISTRATE JUDGE