UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01782-MJS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS<br><br>(ECF No. 39)<br><br>THIRTY-DAY DEADLINE |

     Plaintiff Robert Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

     This action is proceeding on Plaintiff's amended complaint, filed July 2, 2010, against Defendant Frank Chin.  (ECF Nos. 20 & 28.)  The United States Marshal was ordered to initiate service of process on December 2, 2011.  (ECF No. 32.)  Defendant Chin, however, has not been located for service, despite numerous attempts by the Marshal.

     Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

After Defendant Chin's waiver of service was returned unexecuted, the Marshall attempted personal service on him. (ECF No. 39.) When attempting personal service, the Marshall was informed that no one by the name of "Dr. Frank Chin" worked or had ever worked at worked at Kern Medical Center. (Id.)

Based on this information, the Court finds that the avenues available to locate and serve Defendant Chin have been exhausted. Walker, 14 F.3d at 1421-22. It appears that dismissal of Defendant Chin is appropriate at this time. Since Plaintiff has not provided sufficient information to effectuate service on the only remaining defendant in this action, the action should be dismissed. However, The Court will provide Plaintiff with an opportunity to show cause why the action should not be dismissed based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint. Fed. R. Civ. P. 4(m).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed due to Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint ; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   June 27, 2012                               /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE