UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRIFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-CV-01782-MJS (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT TIMELY SERVICE<br><br>(ECF No. 41)<br><br>CLERK TO CLOSE FILE |

I. **PROCEDURAL HISTORY**

Plaintiff Robert Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 7.)

This action is proceeding on Plaintiff's First Amended Complaint filed October 4, 2010, (First Amended Complaint, ECF No. 27) against Defendants Frank Chin and John Doe. (Order Finding and Dismissing Claims, ECF No. 28.) The United States Marshal

was ordered to initiate service of process on Defendant Chin on December 2, 2011 and complete service by April 5, 2012. (Order Directing Service, ECF No. 32.) Defendant Chin, however, has not been located for service despite numerous attempts by the Marshal. (Summons Return Unexecuted, ECF No. 39.)

The Court issued an Order requiring Plaintiff to show cause by not later than July 31, 2012, why his case should not be dismissed for failure to provide sufficient information to effectuate service of process. (Order to Show Cause, ECF No. 41.) Plaintiff responded to the Order to Show Cause on July 9, 2012, requesting that the Court permit him to proceed against previously dismissed Defendant, Kern Medical Center, which according to Plaintiff is maliciously protecting and concealing Defendant Dr. Chin. (Response to Order to Show Cause, ECF No. 42.)

## II.     ANALYSIS

### A.     Defendant Chin

Rule 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where

-2-

the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Here the Court previously determined in its Order to Show Cause that the Marshall had exhausted avenues available to him to locate and serve Defendant Chin. Walker, 14 F.3d at 1421-22. Nothing in Plaintiff's Response to Order to Show Cause suggests Plaintiff can provide any further information relevant to effectuating service upon Defendant Chin, or naming the Doe Defendant. Plaintiff has failed to provide the Court with good cause to extend the time for serving Defendant Chin. The Court does not see grounds for permissive extension of time.

B.      Defendant Kern Medical Center

Plaintiff's request for leave to proceed against previously dismissed Defendant Kern Medical Center, construed by the Court as a motion for reconsideration, is denied.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must

demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Here Plaintiff has provided no basis for granting a motion for reconsideration. He has not shown clear error or other meritorious grounds for relief from the Court's September 14, 2011 Order Dismissing with prejudice all claims against Defendant Kern Medical Center. (Order Finding and Dismissing Claims, ECF No. 28.)

### III. CONCLUSIONS AND ORDER

This case has been pending for almost three years. Plaintiff has to date failed to provide sufficient information to effectuate timely service upon Defendant Chin and the Doe Defendant. The U.S. Marshal's efforts to serve Defendant Chin were unavailing. Plaintiff was directed to show cause why the action should not be dismissed for failure to serve. His response provided no information to suggest that further efforts to accomplish service might be productive. Plaintiff has not demonstrated good cause to justify an

extension of time to effectuate service. Dismissal is appropriate at this time.

    Plaintiff's request to pursue previously dismissed Defendant Kern Medical Center, construed as a motion for reconsideration, is denied.

    Accordingly, this action should be dismissed without prejudice for failure to provide information sufficient for the Marshall to effectuate service.

    Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's action be dismissed without prejudice for failure to provide information sufficient for the Marshall to effectuate service, and
2. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   July 20, 2012           /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE