1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRIFFIN, | CASE No. 1:09-cv-01782-MJS (PC) |
| Plaintiff, | ORDER DENYING RECONSIDERATION OF ORDER DISMISSING ACTION AND JUDGMENT THEREON |
| v. | (ECF No. 45) |
| KERN MEDICAL CENTER, et al., | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| Defendants. | (ECF No. 46) |
| _____/ | |

I.      **PROCEDURAL HISTORY**

Plaintiff Robert Griffin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Complaint, ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Consent to Magistrate, ECF No. 7.)

The Court found Plaintiff's First Amended Complaint (First Amended Complaint, ECF No. 27) stated a cognizable Fourteenth Amendment[1] claim for inadequate medical care against Defendants Frank Chin and John Doe. (Order Finding and Dismissing Claims, ECF No. 28.) On December 2, 2011, the Court ordered the United States

---

[1] Plaintiff was a pre-trial detainee at times relevant.

-1-

1   Marshal to initiate service of process on Defendant Chin, with service to be completed

2   by April 5, 2012. (Order Directing Service, ECF No. 32.)

3          Defendant Chin, however, could not be located for service despite numerous

4   attempts by the Marshal. (Summons Return Unexecuted, ECF No. 39.) The Court

5   issued an order requiring Plaintiff to show cause not later than July 31, 2012, why his

6   case should not be dismissed for failure to provide sufficient information to effectuate

7   service of process. (Order to Show Cause, ECF No. 41.) Plaintiff responded to the

8   order to show cause on July 9, 2012, requesting that the Court permit him to proceed

9   against previously dismissed Defendant, Kern Medical Center; according to Plaintiff,

10  Kern Medical Center was maliciously protecting and concealing Defendant Dr. Chin.

11  (Response to Order to Show Cause, ECF No. 42.) The Court issued its order on July

12  23, 2012, denying the request and dismissing the action without prejudice for failure to

13  provide information sufficient to effect timely service. (Order Dismiss., ECF No. 43.)

14  Judgment was entered thereon. (J. Dismiss. Action, ECF No. 44.)

15         Plaintiff filed on December 5, 2012, a purported complaint (Sec. Am. Compl.,

16  ECF No. 45), wherein he seeks "only to reopen old case", alleging that he "got new

17  evidence that Dr. Chin does work at Kern Medical Center", and seeking to "settle [the]

18  case." (Sec. Am. Compl., at 1-2.) Plaintiff also filed on December 5, 2012, a purported

19  Application to Proceed In Forma Pauperis. (Appl. for IFP, ECF No. 46.) The Court

20  construes the complaint filed December 5th as a request for reconsideration of the July

21  23, 2012 order dismissing action and judgment entered thereon.

22  **II.      LEGAL STANDARD**

23         Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for

24  any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable

25  remedy to prevent manifest injustice and is to be utilized only where extraordinary

26  circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The

27  moving party "must demonstrate both injury and circumstances beyond his control . . . ."

28  Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify

the motion or order in issue and when it was made, and show "what new or different

facts or circumstances are claimed to exist which did not exist or were not shown upon

such prior motion, or what other grounds exist for the motion."

 "A motion for reconsideration should not be granted, absent highly unusual

circumstances, unless the . . . court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law," Marlyn

Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009),

and "[a] party seeking reconsideration must show more than a disagreement with the

[c]ourt's decision, and recapitulation . . ." of that which was already considered by the

court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111,

1131 (E.D. Cal. 2001).

## III.    ARGUMENT

Plaintiff proffers no factual or legal argument in his new filing. He simply asks to

re-open the case based on the statement that he has new evidence that Defendant Chin

works at Kern Medical Center.

## IV.    ANALYSIS

Plaintiff's purported December 5th complaint, construed as a motion for

reconsideration of the Court's July 23, 2012 order dismissing the action and judgment

entered thereon, lacks merit and shall be denied.

This action, originally filed on September 30, 2009, was dismissed by the Court

sua sponte because Plaintiff, proceeding in pro se, failed to provide the Marshal with

accurate and sufficient information to effect service of the summons and complaint.

Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994). The Court previously

determined that the Marshal had exhausted avenues available to him to locate and

serve Defendant Chin, (Order Dismiss. at 3:11-19), that nothing in Plaintiff's response to

the order to show cause suggested Plaintiff could provide any further information

relevant to effectuating service upon Defendant Chin or naming the Doe Defendant (Id.),

and that Plaintiff had failed to provide the Court with good cause to extend the time for

1   serving Defendant Chin. (Id.) Additionally, the Court previously denied Plaintiff's request,

2   construed as a motion for reconsideration, to proceed against previously dismissed

3   Defendant, Kern Medical Center. (Id. at 3:20-4:19.)

4        Plaintiff provides no basis for granting a motion for reconsideration. His

5   December 5th filing states only that he has new evidence that Dr. Chin works at Kern

6   Medical Center. Even if he believes that evidence to be accurate, it provides no

7   information that would enable service on Dr. Chin at Kern Medical Center, an institution

8   at which the U.S. Marshal has been unable to locate and serve Dr. Chin. Plaintiff cites to

9   no error, newly discovered evidence, or other grounds supporting reconsideration.

10        Plaintiff's application to proceed in forma pauperis also is denied. Plaintiff was

11   previously granted in forma pauperis status in this action (Order Grant IFP, ECF No. 15),

12   and his instant application is moot. He has no underlying action in which to seek in

13   forma pauperis status. 28 U.S.C. § 1915.

14   **V.    CONCLUSIONS AND ORDER**

15        Plaintiff has not met the burden imposed upon a party moving for reconsideration.

16   Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other

17   meritorious grounds for relief from the July 23, 2012 order dismissing action and

18   judgment thereon. His application for in forma pauperis status is moot.

19   ////////

20   ////////

21   ////////

22   ////////

23   ////////

24   ////////

25   ////////

26   ////////

27   ////////

28   ////////

Accordingly, for the foregoing reasons, it is hereby ordered that:

1.   Plaintiff's purported complaint filed December 5, 2012, construed as a request for reconsideration of the Court's July 23, 2012 order dismissing action without prejudice and the judgment entered thereon (ECF No. 45) is DENIED, and

2.   Plaintiff's application to proceed in forma pauperis (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated:   December 19, 2012        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE